## WALSH et al. v. UNITED STATES.
### Civ. A. No. 6388.

District Court, E. D. Pennsylvania.
June 30, 1947.

W. R. Lorry and Freedman, Landy & Lorry, all of Philadelphia, Pa., for plaintiffs.

Gerald A. Gleeson, U. S. Atty., and J. P. McCormick, Asst. U. S. Atty., both of Philadelphia, Pa. for defendant.

BARD, District Judge.

This case arises on defendant's motion to dismiss the complaint for lack of jurisdiction, and for failure to state a claim upon which relief can be granted.

The plaintiffs, who were civilian fire fighters employed by the United States Army at the Philadelphia Cargo Port of Embarkation, brought the present action under the provisions of the Act of March 3, 1911[1], to recover wages and overtime compensation allegedly due them under the Act of May 7, 1943[2].

Defendant's argument relative to jurisdiction is based upon that portion of the Act of March 3, 1911, supra, which reads: "* * * * nothing in this paragraph shall be construed * * * as giving to the district courts jurisdiction of cases brought to recover fees, salary, or compensation for official services of officers of the United States * * *". Defendant contends that plaintiffs are "officers of the United States' within the purview of this language.

Both sides recognize that the question of whether or not the plaintiffs are "officers of the United States" presents a preliminary question of fact as to the circumstances surrounding plaintiffs' appointments, and as to the identity, position and authority of the person or persons making the appointments. The complaint simply alleges that each plaintiff was "appointed as a civilian employee of the United States in the fire department of the Philadelphia Cargo Port of Embarkation, United States Army * * *".

The record is devoid of any other allegations as to the plaintiffs' appointments except for answers to certain interrogatories made by the defendant itself which, for the purposes of this motion, must be taken as self-serving declarations, and which furthermore do not present sufficient factual information to enable the Court to resolve the jurisdictional question raised by the defendant, even if the plaintiffs were to agree that these answers to interrogatories stated the facts correctly.

The Court therefore is unable to sustain the defendant's contention relative to lack of jurisdiction.

Defendant's second ground in support of its motion to dismiss is based upon Section 3 of the Act of May 7, 1943, supra, which would deny to the plaintiffs the benefits to which they claim they are entitled,

---

[1] 36 Stat. 1093, 28 U.S.C.A. § 41(20).

[2] 57 Stat. 75, 50 U.S.C.A.Appendix, § 1401 et seq.

442

provided their hours of duty were "intermittent or irregular". Defendant contends that plaintiffs were actually "intermittent or irregular" employees and that they therefore have no cause of action for the benefits which they are seeking to recover in the present action.

This contention raises a pure question of fact as to the nature of plaintiffs' employment. The complaint alleges that the plaintiffs were directed to work seventy-two hours weekly and that they did in fact work a minimum of seventy-two hours weekly in the performance of their duty as members of the fire department of the Philadelphia Cargo Port of Embarkation. There are no other facts of record to indicate with any degree of certainty whether the plaintiffs' employment was "intermittent or irregular". The Court therefore finds no basis to support defendant's contention that the complaint fails to state a claim upon which relief can be granted.

Defendant's motion to dismiss the complaint is denied.